NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICALS USA, INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 14-7811 (MLC)<br><br>**MEMORANDUM OPINION** |

**BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG**, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively "Boehringer") brought this action – an Abbreviated New Drug Application case – on December 15, 2014 against defendants, Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Alkem Laboratories, Ltd., and Mylan Pharmaceuticals Inc. (collectively "defendants"). (See dkt. 1.) Boehringer alleges that defendants infringed U.S. Patent No. 6,087,380 ("the '380 Patent") pursuant to 35 U.S.C. § 271(e)(2)(A) and will infringe the '380 Patent pursuant to 35 U.S.C. § 271(a), (b), and (c). (Id.) The Court assumes that the parties are familiar with the nature and history of this litigation and will not recite those details here.

**MYLAN PHARMACEUTICALS INC.** ("Mylan") alleges that this Court lacks personal jurisdiction over it and accordingly moved to dismiss the complaint, insofar as it asserts claims against Mylan, pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (See dkt. 36.) Mylan asserts that it lacks any claim-related or jurisdiction-conferring

contacts to New Jersey.  (See dkt. 37 at 5.)  Mylan concedes that it complies with New Jersey's foreign corporation licensing and registration statute, N.J.S.A. 14A: 4–1(1), namely that it is registered to do business in New Jersey and it appointed an in-state agent for service of process.  (See dkt. 37 at 10.)  Mylan alleges, however, that this alone cannot serve as a basis for personal jurisdiction.  (Id.)

**BOEHRINGER** argues that: (1) Mylan's compliance with New Jersey's statutory requirements constitutes consent to this Court's jurisdiction; (2) Mylan purposefully directed its pharmaceutical business activities toward New Jersey and purposefully availed itself of the jurisdiction of this Court in the past; and (3) Boehringer's declaratory judgment and infringement claims arise out of, or relate to, Mylan's activities in New Jersey.  (See dkt. 46 at 15–35.)

**THE PRIMARY ISSUES BEFORE THIS COURT** in regard to Mylan's motion are whether: (1) the record demonstrates that Mylan's contacts with this forum render it "at home" in the State of New Jersey; (2) Mylan's registration to do business in New Jersey and appointment of an in-state agent for service of process amount to consent to this Court's jurisdiction; and (3) in conducting its pharmaceutical business nationwide, Mylan purposefully availed itself of New Jersey law and purposefully directed its business activities toward the state.

**BASED ON PRIOR DECISIONS OF THIS COURT** – decisions that involved Mylan in nearly an identical posture – this Court need not reach the first or third issue.  This Court instead relies on the opinion issued by Chief Judge Jerome Simandle in the case, Otsuka Pharm. Co., Ltd. v. Mylan Inc., No. 14-4508, 2015 WL 1305764 (D.N.J. Mar. 23, 2015), to deny the motion based on consent to jurisdiction.

**IN OTSUKA**, Mylan chose to answer in the same way it did in this case: by moving to dismiss the complaint for lack of personal jurisdiction.  Id. at *1.  In considering the motion, the Court held that Daimler AG v. Bauman, 134 S.Ct. 746 (2014), "fundamentally altered the general jurisdiction analysis".  Id. at *5.  The Court, however, declined to decide whether Mylan was "at home" in the New Jersey forum – the standard for finding general jurisdiction – because the Court held that "Mylan Pharma consented to this Court's jurisdiction".  Id. at *8; see also Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011).

**MYLAN** had asserted, among other similar arguments to the ones advanced here, that its adherence to New Jersey's registration requirements and its appointment of an in-state agent for service of process did not confer general jurisdiction or consent jurisdiction.  Id. at *1.  The Otsuka court disagreed, stating that "it cannot be genuinely disputed that consent, whether by registration or otherwise, remains a valid basis for personal jurisdiction" even after Daimler.  Id. at *9.  The Court explained its conclusion through precedent, stating that "the Supreme Court has specifically concluded, on two separate occasions, that a corporation's appointment of an agent for service of process constitutes, under certain circumstances, consent to the forum's personal jurisdiction."  Id. (referencing Pa. Fire Ins. Co. of Phila. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 95 (1917) and Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165 (1939)).  Thus, "these precedents provide clear confirmation that designation of an in-state agent for service of process in accordance with a state registration statute may constitute consent to personal jurisdiction, if supported by the breadth of the statute's text or interpretation."  Otsuka, 2015 WL 1305764, at *11.

**THE STATE OF NEW JERSEY'S REGISTRATION STATUTE** requires that "every foreign corporation authorized to transact business [in the State of New Jersey] shall continuously

3

maintain a registered office . . . and a registered agent having a business office identical with such registered office." N.J.S.A. 14A: 4–1(1).  Further, the statute provides that "[e]very registered agent shall be an agent of the corporation which has appointed him, upon whom process against the corporation may be served." N.J.S.A. 14A: 4–2(1).

**MYLAN** conceded that they complied with the New Jersey registration requirements, including maintenance of a registered agent in the State for purposes of service of process.  (See dkt. 37 at 10.) Otsuka, 2015 WL 1305764, at *11.  Thus, the Otsuka court held that Mylan "consented to the Court's jurisdiction by registering to do business in New Jersey, by appointing an in-state agent for service of process in New Jersey, and by actually engaging in a substantial amount of business in this State." Otsuka, 2015 WL 1305764, at *12 (noting that Mylan is "licensed to do business in this jurisdiction, maintain[s] [a] registered agent[] in this jurisdiction, and generate[s] very sizeable revenues from sales in this jurisdiction").

**THIS COURT** finds the reasoning of Otsuka to directly inform the outcome of this motion because all of the facts found by the Otsuka court still apply to Mylan in this matter.  As a result, the Court holds that Mylan consented to personal jurisdiction by complying with the State of New Jersey's registration requirements and appointing an in-state agent to accept service of process.  Thus, Mylan's motion to dismiss for lack of personal jurisdiction is denied.

**FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: July 16, 2015