<div style="display: flex;">

Charles M. Lizza
William C. Baton
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc.*

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor, Suite 1000
Newark, New Jersey 07102
Telephone: (973) 622-3333

*Attorneys for Defendant*
*Mylan Pharmaceuticals Inc.*

</div>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG, BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., *et al.*, <br><br> Defendants. | Civil Action No. 14-7811 (BRM)(TJB) <br><br> (Filed Electronically) |

## CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION

Plaintiffs Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively, "Boehringer") and Defendant Mylan Pharmaceuticals Inc. ("Mylan") have agreed to terms and conditions representing a negotiated settlement of this action and have set forth those terms and conditions in a Settlement Agreement (the "Settlement Agreement"). Now the parties, by their respective

undersigned attorneys, hereby stipulate and consent to entry of judgment and injunction in this action as follows:

IT IS, this 26 day of January, 2018

HEREBY ORDERED, ADJUDGED AND DECREED that:

1. For purposes of this action only, this Court has jurisdiction over the subject matter of the above action and has personal jurisdiction over the parties.

2. As used in this Consent Judgment and Order of Permanent Injunction, (i) the term "the '380 Patent" means U.S. Patent No. 6,087,380, which Mylan agrees is valid and enforceable, (ii) the term "Generic Dabigatran Products" shall mean any product described in an Abbreviated New Drug Application (or application under 21 U.S.C. § 355(b)(2)) that references New Drug Application No. 22-512, including ANDA No. 208067, and (iii) the term "Affiliate" shall mean any entity controlling, controlled by, or under common control with a Party, but only as long as such control continues, where "control" means: (1) the ownership of at least fifty percent (50%) of the equity or beneficial interest of such entity, or the right to vote for or appoint a majority of the board of directors or other governing body of such entity; or (2) the power to directly or indirectly direct or cause the direction of the management and policies of such entity by any means whatsoever.

3. Except as may be expressly authorized pursuant to the Settlement Agreement, Mylan, including any of its successors and assigns, is enjoined from making, having made, using, selling, offering to sell, importing or distributing Generic Dabigatran Products, on its own part or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Mylan or its Affiliates, through and until the expiration of the '380 Patent, including any patent term extension and/or patent term adjustment, and the period of any pediatric exclusivity associated with the '380 Patent. If Boehringer becomes entitled to any other regulatory

exclusivities that are not referenced herein, Boehringer may apply to the Court for modification of the injunction to incorporate such specified exclusivity.

4. The Parties agree that, in the event of a breach of the Settlement Agreement or violation of the terms of this Consent Judgment and Order of Permanent Injunction, jurisdiction and venue for an action to enforce performance under this Consent Judgment and Order and the Settlement Agreement, including for a preliminary injunction against the breaching conduct, exists in this District Court, and the Parties hereby waive any and all defenses based on personal jurisdiction and venue.

5. This Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and Order of Permanent Injunction and the Settlement Agreement.

6. The Complaint and all remaining claims, counterclaims, or affirmative defenses in the above action are dismissed without prejudice and without costs, disbursements, or attorney fees to any party.

Dated: January 25, 2018

**IT IS SO STIPULATED:**

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    SAUL EWING ARNSTEIN & LEHR LLP
    One Riverfront Plaza, Suite 1520
    Newark, NJ 07102-5426
    (973) 286-6700
    clizza@saul.com

*Of Counsel*:

Bruce M. Wexler
Eric W. Dittmann
Isaac S. Ashkenazi
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Attorneys for Plaintiffs*
*Boehringer Ingelheim Pharma GmbH & Co. KG, Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharmaceuticals, Inc.*

By: s/ Arnold B. Calmann
    Arnold B. Calmann (abc@saiber.com)
    Jeffrey Soos (js@saiber.com)
    Katherine A. Escanlar (kae@saiber.com)
    SAIBER LLC
    One Gateway Center, 10th Floor
    Suite 1000
    Newark, New Jersey 07102
    Telephone: (973) 622-3333

*Of Counsel*:

Tung-On Kong (tkong@wsgr.com)
David M. Hanna (dhanna@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000

*Attorneys for Defendant*
*Mylan Pharmaceuticals Inc.*

**SO ORDERED:**

This 26 day of January 2018

                                                       /s/ Brian R. Martinotti
HONORABLE BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE